**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2020 NOV 17 PM 4:13

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ktc_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>▮▮▮▮▮▮▮▮▮<br>2. Varun PRASAD,<br>3. Benny DANESHJOU,<br>4. Ashley LARUE,<br>5. Drew ZARATE,<br>6. Christopher EDWARDS,<br>7. Jacob SCHELLING,<br>8. Madison SCOTT,<br>▮▮▮▮▮▮▮▮▮<br>10. Nikit SHINGARI,<br>11. Nolan FOGLEMAN,<br>12. Samuel PARRY,<br>13. Brandon CARPENTER,<br>▮▮▮▮▮▮▮▮▮<br>Defendants. | **INDICTMENT**<br><br>CRIMINAL NO. A20CR 289 RP<br><br>[21 USC 846, 841 –<br>conspiracy to PWID methamphetamine,<br>LSD, cocaine, Adderall, MDMA, fentanyl,<br>psilocybin mushrooms, and marijuana;<br>18 USC 1956(h) – laundering monetary<br>instruments] |

USAO # 2019R14455

THE GRAND JURY CHARGES:

### Count One
### [21 U.S.C. § 841(a)(1) and 846]

Beginning in or about April, 2019 and continuing until on or about the date of this Indictment, in the Western District of Texas and elsewhere, the Defendants,


2. Varun PRASAD,

3. Benny DANESHJOU,
4. Ashley LARUE,
5. Drew ZARATE,
6. Christopher EDWARDS,
7. Jacob SCHELLING,
8. Madison SCOTT,
█ ██████████████ ,
10. Nikit SHINGARI,
11. Nolan FOGLEMAN,
12. Samuel PARRY,
13. Brandon CARPENTER,
█ ██████████ ,
15. █████████████
  ████████████
█ ████████████ ,

did knowingly, intentionally and unlawfully combine, conspire confederate and agree with others known and unknown to possess with intent to distribute a controlled substance, which offense involved more than 10 grams of a mixture or substance that contained a detectable amount of lysergic acid diethylamide (LSD), more than 500 grams of a mixture or substance that contained a detectable amount of methamphetamine, and more than 100 grams of a mixture or substance that contained a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl]propanamide (fentanyl), Schedule II Controlled Substances, all in violation of Title 21, United States Code, Sections 846, 841(a) and 841(b)(1)(A).

## Count Two
### [18 U.S.C. §1956(h)]

Beginning in or about April, 2019 and continuing until on or about the date of this Indictment, in the Western District of Texas and elsewhere, the Defendants,

    2. Varun PRASAD,
    3. Benny DANESHJOU,
    4. Ashley LARUE,
    5. Drew ZARATE,
    and
,

together and with others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree among themselves and each other to commit certain offenses against the United States as follows:

(a) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, (1) with the intent to promote the carrying on of specified unlawful activity as alleged in Count One, and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1); all in violation of Title 18, United States Code, Section 1956(h).

In furtherance of this conspiracy the following overt acts were committed:

DANESHJOU submitted a Certificate of Formation for the 801 E 32nd LLC on or about April 21, 2020.

On May 4, 2020, DANESHJOU opened a business bank account for the 801 E 32nd LLC at Security State Bank & Trust (SSBT).

Between April 2020 and the date of this Indictment DANESHJOU's companies DQ

Design & Development LLC, 2610 S 3rd LLC, and 801 E 32nd LLC maintained accounts at JPMorgan Chase (JPMC) Bank and SSBT.

Between April 2020 and the date of this Indictment PRASAD maintained a JPMorgan JPMC Bank account ending 5658.

On April 24, 2020, ZARATE purchased and deposited money orders totaling $7,500 into the JPMC account of DQ Design & Development LLC. All the money orders listed the purchaser as "Nick Jones," not ZARATE.

On May 27, 2020, ZARATE purchased and deposited money orders totaling $7,000 into the JPMC account of DQ Design & Development LLC. All the money orders were purchased on May 26, 2020 and listed the purchaser as "Nick Jones," not ZARATE.

On June 19, 2020, ZARATE purchased and deposited money orders totaling $1,800 into the JPMC account of DQ Design & Development LLC. The money orders listed the purchaser as "Nick Jones," not ZARATE.

On June 30, 2020, ZARATE purchased and deposited money orders totaling $7,500 into the JPMC account of DQ Design & Development LLC. All the money orders listed the purchaser as "Nick Jones," not ZARATE.

On July 28, 2020, ZARATE purchased and deposited money orders totaling $7,500 into the JPMC account of DQ Design & Development LLC. All the money orders listed the purchaser as "Nick Jones," not ZARATE.

On August 3, 2020, ZARATE purchased and deposited a money order for $350 into the JPMC account of DQ Design & Development LLC. The money order listed that it was purchased by "Nick Jones," not ZARATE.

On August 28, 2020, ZARATE purchased and deposited money orders totaling $3,900 into the JPMC account of DQ Design & Development LLC.

On October 27, 2020, ███████████ deposited five (5) $1,000 Western Union money orders (totaling $5,000) into the SSBT account of 801 E 32nd LLC The money orders listed the purchaser as ███████████████.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* FED. R. CRIM. P. 32.2]
### I.
### Controlled Substance Violation and Forfeiture Statute
[Title 21 U.S.C. §§ 841 & 846, subject to forfeiture pursuant
Title 21 U.S.C. §§ 853(a)(1) & (2)]

As a result of the criminal violations set forth in Count One, the United States of America give notice to the Defendants of its intent to seek the forfeiture of properties, including the items listed below, upon conviction and as part of sentencing pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. § 853(a)(1) & (2). Section 853 specifically provides the following:

> **Title 21 U.S.C. § 853**
> **(a)** Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law;
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. . . .

### II.
### Forfeiture Statutes for Money Laundering
[Title 18 U.S.C. §1956(h), subject to forfeiture pursuant Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations set forth in Count Two, the United States gives notice to the Defendants of its intent to seek the forfeiture of properties, including the items listed below, Defendant shall forfeit all right, title, and interest in said property to the United States pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(1), which states:

> **18 U.S.C. § 982.   Criminal Forfeiture**
> **(a)(1)** The court is imposing sentence on a person convicted of an offense in violation of sections 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

### III.   Subject Property

This notice of Demand for Forfeiture includes, but is not limited to, the following:

- $72,100.00, more or less, in United States Currency

- $2,069.00, more or less, in United States Currency
- $4,315.00, more or less, in United States Currency
- $42,853.00, more or less, in United States Currency
- $11,244.00, more or less, in United States Currency

**Real Property:**
Real Property located and situated at 9601 WIER LOOP, AUSTIN TX 78736, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any.

**Money Judgment:**
A sum of money that represents the property involved in and/or the amount of proceeds traceable, directly or indirectly, to the violations set forth in Counts One and Two, for which Defendants are liable.

**Substitute Assets:**
If any of the property described above, as a result of any act or omission of Defendants:

a. Cannot be located upon the exercise of due diligence;
b. Has been transferred or sold to, or deposited with, a third person;
c. Has been placed beyond the jurisdiction of the Court;
d. Has been substantially diminished in value; or
e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property owned by Defendant up to the value of the Money Judgment as substitute assets, pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. § 853(p).

A TRUE BILL:

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

GREGG N. SOFER
UNITED STATES ATTORNEY

By: *(signature)*
MARK H. MARSHALL
Assistant U.S. Attorney

*(signature)*
ROBERT ALMONTE
Assistant U.S. Attorney